IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN D. KING, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 15-610-CG-N |
| | ) |
| ADAM AUSTIN, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## <u>ORDER</u>

This action is before the Court on the Report and Recommendation which recommends that Defendants' Motion for Summary Judgment be granted in part and denied in part. (Doc. 65). Plaintiff has filed an objection to the Report and Recommendation in which he attempts to address the deficiencies in his Complaint which were addressed by the Magistrate Judge (Doc. 66). Defendants have filed an objection to the Report and Recommendation asserting that summary judgment is also due to be granted with regard to Plaintiff's claims for excessive force and deliberate indifference to which the Magistrate Judge did not recommend judgment as a matter of law. (Doc. 70).

**I. Factual Background**

The relevant factual background is detailed in the Report as follows:

    On May 19, 2015, Plaintiff Steven D. King alleges in his complaint that `he was with his ex-girlfriend at a house on Main Street in Prichard, Alabama when police officers entered the

1

home and ordered him to lay [*sic*] face down on the floor. King claims he immediately followed the officers' commands and his hands were secured in cuffs behind his back. While lying face down on the ground, handcuffed and compliant, King claims Officer Defendants Jennings Powell, Jeffrey Hillburn, and Joseph Goff proceeded to beat and kick him. He further alleges the officers pushed guns to his head and exclaimed they would kill him if he moved.

According to King, he was then led outside the house and "kicked off" a "very high cliff" (approximately two to three stories high) by Defendant Officers Jeffrey Hillburn, Joseph Goff, and Louis Screws, causing him to fall and hit his head on the paved street below. While lying in the street, King alleges the officers again pushed guns to his head warning him "not to move." King asserts he immediately requested but was denied medial [*sic*] attention and was placed in a police vehicle for transport to the Mobile County Police Department. While en route to the Mobile Police Department, King claims he "begged for medical attention and water" but it was again denied.

(Doc. 65 at 1-2)(internal citations omitted).

## II.   Defendants Objections

Defendants object to the Magistrate Judge's recommendation as to the excessive force claim against Jennings Powell, Jeffrey Hillburn, and Joseph Goff on the grounds that the affidavits of the police officers do not tend to support Plaintiff's claim, because the amount of force used was reasonable, and because it is Plaintiff's burden to submit the necessary medical records to establish that the force used was more than *de minimus*. (Doc. 70, section I., (A) and (B)). Defendants additionally object to the Magistrate Judge's recommendation as to Plaintiff's deliberate indifference claim on the grounds that Plaintiff failed to meet his burden to establish "a serious medical need". (Doc. 70, section II.). Defendants' objections will be addressed in turn.

### A. Claim of Excessive Force against Jennings Powell, Jeffrey Hillburn, and Joseph Goff

According to Plaintiff, the officers violated the Fourth Amendment's ban on the use of excessive force to effect an arrest by the assault that occurred after he was placed in handcuffs (behind his back) and fully compliant and nonresistant. (Doc. 65 at 9-10). Specifically, Plaintiff's rights were violated when the officers kicked and beat him while he was handcuffed, lying face down on the ground. (*Id*. at 11).

As noted by the Magistrate Judge, "Fourth Amendment jurisprudence has long recognized that the right to make an arrest ... necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 821 (11th Cir. 2010) (internal quotes omitted). However, "[a]ny use of force must be reasonable," *id.*, and "[i]t is clearly established that the use of excessive force in carrying out an arrest constitutes a violation of the Fourth Amendment." *Davis v. Williams*, 451 F.3d 759, 767 (11th Cir. 2006). "Our cases hold that a gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force." *Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008); *Reese v. Herbert*, 527 F.3d 1253, 1273-74 (11th Cir. 2008); *Slicker v. Jackson*, 215 F.3d 1225, 1232-33 (11th Cir. 2000).

With regard to the amount of force used incident to Plaintiff's arrest (inside the home), the Magistrate Judge stated as follows:

3

> When viewing the record in the light most favorable to the plaintiff, there are however disputed issues of material fact in this action regarding whether or not the force applied by Defendants violated the Fourth Amendment. Notably, there remains an issue regarding the amount of force used and the compliance of the plaintiff that is not resolved by the record evidence. […] In addition to the factual uncertainty of the seizure, the extent of any injury inflicted is also unknown, as there are no medical records to aide in showing whether the used force was *de minimis* or excessive.

(Doc. 65 at 12, 14). The Magistrate Judge went on to recommend that summary judgment be granted in favor of Defendants Louis Screws, Jeffrey Hillburn, and Joseph Goff as to Plaintiff's excessive force claims relating to the events which took place *outside* of the home. (*Id*. at 14-18). In their objection, Defendants contend that the Magistrate's "analysis appears inconsistent, and it is clear that if such force was appropriate while outside after the Plaintiff had been taken into custody it was certainly appropriate in the immediate moments preceding and following Plaintiff's arrest." (Doc. 70 at 4). Defendants also contend that even accepting Plaintiff's facts as true, the force used incident to Plaintiff's arrest was reasonable.

Defendant's objections are not compelling. The Magistrate Judge's Report distinguished between the events prior to Plaintiff being handcuffed and the events after Plaintiff was on the ground and in handcuffs, but before he was taken outside. Moreover, the Magistrate Judge did not find that the force used after Plaintiff was escorted out of the home was reasonable based on Plaintiff's factual allegations but, rather, found that Plaintiff's allegations were so contradicted by the evidence that a jury could not find them

4

plausible. (Doc. 65 at 16-17). Accordingly, Plaintiff's factual allegations were not accepted as true and it was for that reason that the Magistrate Judge concluded that the force used outside – as described by the officers -- was not excessive. Such an analysis does not contradict the Magistrate Judge's conclusion that there remains a question of fact as to whether the alleged force used inside the home - kicking and beating Plaintiff whilst he was handcuffed on the ground- was reasonable.

Defendants' argument that the force used was reasonable even accepting Plaintiff's facts as true is, likewise, not compelling. Eleventh Circuit case law holds that "gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force." *Hadley*, 526 F.3d at 1330. Considering the facts asserted by Plaintiff as true, it would not be reasonable as a matter of law for the officers to kick and beat Plaintiff after he was handcuffed and lying face down on the ground complying with the officers.

Finally, Defendants argue that summary judgment should be granted because Plaintiff has not established that the alleged wrongdoing resulted in an injury to Plaintiff. (Doc. 70 at 4). Defendants' objection is misguided. Defendants are correct that, as a second consideration, the court looks at "'(1) the need for the application of force, (2) the relationship between the need and the amount of force used, and (3) the extent of the injury inflicted.'" *Leslie v. Ingram*, 786 F.2d 1533, 1536 (11th Cir. 1986). Further, the Eleventh Circuit has established "the principle that the application of *de minimis* force,

5

without more, will not support a claim for excessive force in violation of the Fourth Amendment." *Nolin v. Isbell*, 207 F.3d 1253 (11th Cir. 2000). However, in this case, Plaintiff has already established a question of fact as to whether the force used was excessive based on the facts alleged and Plaintiff is not required to also establish that he sustained a significant injury in order to defeat summary judgment. *See Lee v. Ferraro*, 284 F.3d 1188, 1199 (11th Cir. 2002) ("[O]bjectively unreasonable force does not become reasonable simply because the fortuity of the circumstances protected the plaintiff from suffering more severe physical harm.")[1] Because a question of material fact exists as to the reasonableness of force used, an absence of evidence that Plaintiff suffered a significant injury will not negate summary judgment being denied at this stage. Accordingly, Defendants' objection to the Report and Recommendation as to Plaintiff's excessive force claim is overruled and the Magistrate's Judge's recommendation as to that claim is **ADOPTED** as the opinion of this Court.

### B. Claim of Deliberate Indifference against Defendants Adam Austin, Cecil Deon Thornton, Jennings Powell, Louis Screws, Jeffrey Hillburn, and Joseph Goff

In order to prevail on a claim of deliberate indifference to a serious medical need in violation of the Fourteenth Amendment, King must

---

[1] In *Lee,* the Court found that a Plaintiff who was thrown against a trunk after being handcuffed "[took the] case outside the realm of cases in which [the Eleventh Circuit has] granted qualified immunity on the ground that the force used and injury sustained were *de minimis.*" *Id*.

establish, "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "A serious medical need 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* at 1307 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), overruled in part on other grounds by *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S. Ct. 2508, 2515, 153 L. Ed. 2d 666 (2002)(Serious medical needs are generally those "requiring immediate medical attention" or emergency treatment.).

With regard to whether Plaintiff established an objectively "serious medical need", the Magistrate Judge stated as follows:

> King's description of his physical state and need for medical attention is sparse and vague, as he fails to allege in his pleadings any observable blood, bruising, or the need for stitches, x-rays, or surgery subsequent to the incident; he further fails to plead if and when he ultimately received medical attention and what that treatment was. In fact, and oddly, the entire record before the Court is completely void of any medical records or evidence necessary to objectively analyze the severity of the allegations. Generally, a deliberate indifference claim so lacking in the establishment of the seriousness of an injury or medical need would not survive summary judgment, but the Court concludes the totality of the record and King's status as a *pro se* plaintiff demands leniency at this juncture.

(Doc. 65 at 20). It is this lack of evidence on which Defendants' objection rests. Specifically, Defendants object to the recommendation to deny their request for summary judgment as to Plaintiff's deliberate indifference claim

7

because the burden to establish a serious medical need lies with Plaintiff. (Doc. 70 at 6-7)[2]. Defendants argue that Plaintiff has failed to describe, in any way, his injuries, requests for treatment, treatment given, or ongoing medical problems regardless of not having the records to support the same. Defendants further object to the leniency given to Plaintiff based on his failure to obtain and submit medical records and witness affidavits because Plaintiff has made no effort to identify what witnesses he expects will prepare affidavits on his behalf and or what their anticipated statements would establish and because he has failed to detail his efforts to obtain any of the documents that are lacking before the Court or explained how or why he has been unable to obtain the documents in the two years since his arrest occurred. (*Id*. at 5). As such, Defendants contend that Plaintiff has not met his burden and that summary judgment as to the deliberate indifference claim should be granted. (*Id*. at 6-8). Defendants' objections are compelling.

While it is true that *pro se* litigants are given leniency, they must still meet their burden to establish a question of material fact in order to avert summary judgment. *See Osahar v. Postmaster Gen.*, 263 Fed.Appx. 753, 761 (11th Cir. 2008) ("In the context of summary judgment, even though *pro se* pleadings are entitled to a more lenient interpretation, 'the plaintiff must

---

[2] Defendants' objection relating to Plaintiff's deliberate indifference claim is initially set forth with regard to Plaintiff's excessive force claim (Doc. 70 at 4, section (B)) and is referenced, but not restated in its entirety with regard to Plaintiff's deliberate indifference claim.

8

still meet the essential burden of establishing that there is a genuine issue as to a fact material to his case.'")(citation omitted). Despite Plaintiff's assertion that he has "had difficulty obtaining affidavits from witnesses" because of his imprisonment and his indication that he has requested appointed counsel so that counsel could obtain affidavits and medical records to support his claim (Doc. 58 at 1), Plaintiff has failed to describe his alleged injuries, the obviousness of his need for medical treatment, the medical treatment he ultimately received, or explain how Defendants' failure to provide treatment resulted in further injury to him. Plaintiff has additionally failed to identify any witnesses who will provide affidavits on his behalf or describe the content of their anticipated testimony or explain how their testimony will corroborate Plaintiff's claim. Viewing the facts in a light most favorable to *pro se* Plaintiff, the undersigned finds Plaintiff has not sufficiently met his burden to establish an objectively serious medical need, an essential element of his claim. *See Bell v. Secretary of Florida Dept. of Corrections*, 2012 WL 4465268 (11th Cir. 2012)(affirming summary judgment in favor of Defendants due to *pro se* detainee's failure to sufficiently establish the existence of a serious medical need, an essential element of his case.); *See also Fernandez v. Metro Dade Police Dept.*, 397 Fed.Appx. 507, (11th Cir. 2010)³. Rather, considering Plaintiff's factual allegations as true, the record

---

³ In *Fernandez*, the District Court denied Defendant's Motion for Summary Judgment with regard to Plaintiff's claim for deliberate indifference claim after Plaintiff detailed that officers kicked him multiple times in his face,

reflects (1) that Plaintiff was kicked and beaten subsequent to his being handcuffed and that Plaintiff struck his head on the pavement while being escorted to an officer's car for transport, (2) Plaintiff's requests for medical care were denied, and (3) Plaintiff suffered "bad health, physical and mental," head pains, and an "out of place arm" which causes Plaintiff to take prescription medications for pain and mental health. (Doc. 1; Doc. 25 at 2; Doc. 58 at 1-2). While there may be a question of fact as to whether Plaintiff suffered any injury at all, Plaintiff has not presented evidence to establish that his alleged injury(s) were obviously a serious medical need at the time of his arrest. Accordingly, Defendants Motion for Summary Judgment as to Plaintiff's deliberate indifference claim is GRANTED.

### III. Plaintiff's Objections

Plaintiff's objection is a two-paragraph statement. (Doc. 66). The first paragraph asserts that the photographs submitted to the Court by Defendants showing the "very high cliff" are deceiving and inaccurate of the height from which Plaintiff was kicked. More specifically, that's the pictures show "just the front railing and not the high point the house sits on, which

---

causing him to bleed from his nose and mouth, stepped on his face as he lay on the ground, stuck one of their thumbs under his chin to the point where he almost fainted, punched him in the head and ribs, and slammed his face into a vehicle's trunk. Plaintiff alleged that as a result of the officers' actions, he suffered injuries to his head, neck, face, and ribs and suffered "a massive bleeding" or "hemorrhage" for more than five minutes while standing by and/or lying on the trunk. The Eleventh Circuit reversed the District Court's denial for Plaintiff's failure to demonstrate an objectively serious medical need. *Id*.

has a retaining wall two to three stories high".  Plaintiff, however, has not provided any evidence to support his assertion that the pictures are misleading.  Additionally, the photographs clearly depict the front of the house, which according to Plaintiff's own description, is where he was kicked.  (Doc. 49-3 at5; Doc. 51 at 2 "this house sits on a cliff with a retaining wall in *front* of it.  It's about 2 to 3 story's high, the Plaintiff was kicked off this cliff…")(emphasis added).  Accordingly, Plaintiff's position in his objection that he fell in a different location than what the photograph depicts is unavailing.  Plaintiff's objection is overruled.

The second paragraph of Plaintiff's objection states "Plaintiff object [*sic*] to Cecil Deon Thornton being dissmissed [*sic*] from the Complaint.  Cecil Thornton is the detective who bent my arm behind my back and he was there with Adam Austin questioning me. Detective Cecil Thornton questioned the Plaintiff before detective Adam Austin questioned the Plaintiff."  The Magistrate Judge explained her reasoning for recommending that summary judgment should be granted with respect to Mr. Thornton and Plaintiff's coercion claim, as follows: "King, however, fails to name or identify as a defendant the officer who grabbed his arm, and fails to articulate any of the circumstances surrounding the alleged assault.  This lack of factual pleading prohibits the Court, or any fact-finder, from concluding that the claim is facially plausible […]." (Doc. 65 at 25).  While Plaintiff's objection explains Mr. Thornton's role in this action, he has again failed to articulate any of the

11

circumstances surrounding the alleged assault to warrant a deviation from the Magistrate Judge's recommendation of dismissal. Accordingly, Plaintiff's objections are overruled.

## **CONCLUSION**

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** in part and otherwise revised as set forth herein above. It is **ORDERED** that this action is **DISMISSED** as to Defendant Cecil Deon Thornton, as to Plaintiff's claim for excessive force for kicking Plaintiff off of a cliff, for coercion or force used during the interview of Plaintiff, and for deliberate indifference. This action remains pending against the remaining Defendants as to Plaintiff's remaining excessive force claim.

**DONE and ORDERED** this 6th day of March, 2018.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE